EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
Joey L. Blanch
Assistant United States Attorney
Deputy Chief, Violent & Organized Crime Section
California Bar Number:   186487
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3315
     Facsimile: (213) 894-3713
     E-mail: joey.blanch@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 16-431-JFW |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| MICHAEL QUINN, aka "Mick," aka "southof," aka "inhere," | |
| Defendant. | **CURRENT TRIAL DATE:**   8-16-16<br>**PROPOSED TRIAL DATE:**   8-30-16<br><br>**CURRENT PRETRIAL HEARING:** 8-8-16<br>**PROPOSED PRETRIAL HEARING:** 8-22-16 |

     Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Joey L. Blanch, and defendant Michael Quinn ("defendant"), both individually and by and through his counsel of record, Lisa LaBarre, hereby stipulate as follows:

     1.   A complaint was filed in this case on May 23, 2016. That same day, defendant first appeared before a judicial

1 officer of the court in which the charges in this case were
2 pending. The Indictment in this case was filed on June 17, 2016.
3 Defendant was arraigned on June 20, 2016.  The Speedy Trial Act,
4 18 U.S.C. § 3161, originally required that the trial commence on
5 or before August 26, 2016.
6     2.   On June 21, 2016, the Court set a trial date of August
7 16, 2016.  The Court further set the following pretrial dates:
8 pretrial motions must be filed by July 5, 2016; oppositions to
9 pretrial motions must be filed by July 18, 2016; replies to
10 pretrial motions must be filed by July 25, 2016; and a pretrial
11 hearing is set for August 8, 2016.
12     3.   Defendant is detained pending trial. The parties
13 estimate that the trial in this matter will last approximately
14 three days.
15     4.   By this stipulation, defendant moves to continue the
16 trial date two weeks, to August 30, 2016.  This is the first
17 request for a continuance.  The parties further request that the
18 Court continue the pretrial hearing date from August 8, 2016 to
19 August 22, 2016, and continue the dates for pretrial motions to
20 the following:  pretrial motions must be filed by July 18, 2016;
21 oppositions to pretrial motions must be filed by August 1, 2016;
22 replies to pretrial motions must be filed by August 8, 2016.
23     5.   Defendant requests the continuance based upon the
24 following facts, which the parties believe demonstrate good
25 cause to support the appropriate findings under the Speedy Trial
26 Act:
27         a.   The parties are attempting to negotiate a
28 pretrial disposition in this matter.  A plea offer has been

extended by the government, but defendant needs additional time to review the offer with his counsel.  The parties understand that this is not grounds for a continuation under the Speedy Trial Act.  Nevertheless it is relevant because the discussions impact the parties' ability to prepare and review discovery, file motions, and diligently prepare for trial.

       b.    Defendant is charged with attempted sex trafficking of a minor and travel with the intent to engage in criminal sexual activity with a minor, in violation of 18 U.S.C. §§ 1591, and 2422(b).  The Section 1591 offense carries a mandatory minimum sentence of 15 years.

       c.    On the evening of July 23, 2016, the government produced discovery to the defense by arranging for it to be sent to the Public Defender's Office via interoffice mail, but as of July 27, 2016, the defense has not yet received it.  The discovery includes two discs containing the following:

      i.    Undercover communications with Defendant. This includes screen captures from the social networking site in which defendant and undercover law enforcement met, as well as multiple series of photographs of cellular telephone screens to capture and record communications that took place using cellular telephone text messaging applications.

      ii.    Copies of legal processes, such as subpoenas, preservation letters, search warrants.

      iii.    A copy of the criminal complaint against the defendant, detailing the charges against the defendant.

      iv.    Audio-video recordings of defendant's meeting with the undercover agents

      v.    Photographs and audio-video recordings of law enforcement's activities at the home rented by defendant, as well as inventory logs of

                detained property.

        vi.  Notes and audio recording of the post-arrest interview with defendant.

        vii. Law enforcement reports.

    d.  There is still outstanding discovery. Specifically, a search warrant was executed on the social networking site on which defendant met the undercover agent; the social networking site has indicated that it will comply with the warrant but has not yet done so. Further, the forensic examination on the digital devices seized from the defendant (an iphone and ipad) is not yet complete so the results could not be produced. However, defendant has been informed that a small amount of suspected child pornography has been found on the iPhone seized pursuant to his arrest.

    e.  The case is not particularly unusual, but it is complex to the extent that computer forensics are involved. The forensic exam on the defendant's iPhone and iPad are not yet complete, and the discovery of child pornography could lead to additional charges against the defendant. Further, these images cannot be provided to defendant; if defense counsel wishes to review the full forensic exam or conduct an independent examination of the devices, arrangements will have to be made to conduct this review/examination at law enforcement facilities. These examinations require additional time; defense counsel represents that due to the complex nature of any digital devices examination, it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act.

    f. In light of the foregoing, counsel for defendant represents that additional time is necessary to receive and review discovery, confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  For instance, in order to prepare for trial defense counsel must review the results from the search warrant served on the social networking site, but the site has not yet complied with the terms of the search warrant. Likewise, in order to prepare for trial defense counsel must determine if an independent forensic examination of defendant's digital devices is required and if so, retain an expert and have that exam completed.  Defense counsel cannot make that determination until the government's exam is complete and the results provided to the defense.  Defense counsel represents that failure to grant the continuance would deny her reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    g. Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

    h. The government does not object to the continuance.

    i. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense,

1 or failure on the part of the attorney for the Government to
2 obtain available witnesses.
3        6.   For purposes of computing the date under the Speedy
4 Trial Act by which defendant's trial must commence, the parties
5 agree that the time period of August 16, 2016 to August 30,
6 2016, inclusive, should be excluded pursuant to 18 U.S.C.
7 §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the
8 delay results from a continuance granted by the Court at
9 defendant's request, without government objection, on the basis
10 of the Court's finding that: (i) the ends of justice served by
11 the continuance outweigh the best interest of the public and
12 defendant in a speedy trial; (ii) failure to grant the
13 continuance would be likely to make a continuation of the
14 proceeding impossible, or result in a miscarriage of justice;
15 (iii) the case is so complex, due to the nature of the
16 prosecution/possibility that an independent computer examination
17 will be required, that it is unreasonable to expect preparation
18 for pre-trial proceedings or for the trial itself within the
19 time limits established by the Speedy Trial Act; and (iv)
20 failure to grant the continuance would unreasonably deny
21 defendant continuity of counsel and would deny defense counsel
22 the reasonable time necessary for effective preparation, taking
23 into account the exercise of due diligence.
24        7.   Nothing in this stipulation shall preclude a finding
25 that other provisions of the Speedy Trial Act dictate that
26 additional time periods be excluded from the period within which
27 trial must commence.  Moreover, the same provisions and/or other
28 provisions of the Speedy Trial Act may in the future authorize

the exclusion of additional time periods from the period within which trial must commence.

    IT IS SO STIPULATED.

Dated: June 27, 2016        Respectfully submitted,

EILEEN M. DECKER
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

           /s/
JOEY L. BLANCH
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

    I am MICHAEL QUINN's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than August 30, 2016 is an informed and voluntary one.

_____    6/28/16
LISA LABARRE                              Date
Attorney for Defendant
MICHAEL QUINN


    I have read this stipulation and have carefully discussed it with my attorney.  I understand my Speedy Trial rights.  I
//

voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than August 30, 2016.

_____,     6/28/2016.
MICHAEL QUINN                        Date
Defendant